IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | | |
|---|---|---|
| Marlboro Electric Cooperative, Inc., | ) | C/A No. 4:20-cv-4386-SAL |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | **OPINION & ORDER** |
| Central Electric Power Cooperative, Inc., | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

This matter is before the court on a Motion to Sever and Dismiss or Remand or for Entry of Final Judgment filed by Plaintiff Marlboro Electric Cooperative. [ECF No. 103.] In its motion, Marlboro asks the court to take one of three alternative actions allowing for an immediate appeal of its prior order granting summary judgment: (1) sever Central's remaining counterclaim and then dismiss it without prejudice for lack of jurisdiction; (2) refuse to exercise supplemental jurisdiction and remand the counterclaim back to the state court; or (3) enter final judgment against Marlboro on the causes of action alleged in the complaint, thus allowing an immediate appeal. [ECF No. 103-1, pp. 1–2.] After review of the parties' briefing and relevant case law, the court denies Marlboro's motion for the reasons set forth in detail below.

**BACKGROUND**

The factual background of the case is set forth in greater detail in the court's order granting summary judgment, ECF No. 95, and its order denying Marlboro's Motion for Reconsideration, ECF No. 124. Relevant to this order, Marlboro filed the Motion to Sever and Dismiss or Remand or for Entry of Final Judgment alongside its Motion for Reconsideration on April 15, 2022. [ECF No. 103.] Central filed a Response in Opposition on April 21, 2022. [ECF No. 105.] Following a stay entered by the court to allow the parties an opportunity to resolve any outstanding issues, ECF

1

No. 106, Marlboro filed its reply to Central's Response on September 6, 2022. [ECF No. 121.] The matter is now ripe for resolution by the court.

## DISCUSSION

Marlboro's ultimate goal is simple: it wishes to immediately appeal the court's order granting summary judgment. The order, however, is interlocutory and thus not appropriate for an appeal. To get around this general rule against interlocutory appeals, Marlboro argues for one of three alternative actions by the court: sever and dismissal, remand, or entry of final judgment. The court addresses each in turn.

**I. The court declines to sever Central's counterclaim.**

Marlboro first argues the court should sever Central's counterclaim pursuant to Fed. R. Civ. P. 21 and then dismiss it for lack of subject matter jurisdiction. [ECF No. 103-1, p. 5.] Rule 21 provides courts "may . . . sever any claim against a party." Fed. R. Civ. P. 21. While courts generally have "unfettered discretion in determining whether or not severance is appropriate" they should consider four factors when reaching their decision:

> (1) whether the issues sought to be tried separately are significantly different from one another; (2) whether the separable issues require different witnesses and different documentary proof; (3) whether the party opposing severance will be prejudiced if it is granted; and (4) whether the party requesting severance will be prejudiced if the claims are not severed.

*Grayson Consulting, Inc. v. Cathcart*, No. 2:07-CV-02992-DCN, 2014 WL 1512029, at *2 (D.S.C. Apr. 8, 2014) (citations omitted). Marlboro argues that all four *Grayson* factors weigh in favor of severing Central's counterclaim. [ECF No. 103-1, p. 5.] The court does not agree and finds each factor weights in favor of not severing the counterclaim.

First, while the specifics of Marlboro's claims are different than Central's counterclaim, they are fundamentally of the same character—they require the interpretation of the same agreements,

2

the Wholesale Power Contract and Central's Bylaws. Indeed, both Marlboro's third cause of action and Central's counterclaim are breach of contract claims. [ECF No. 1-1, pp. 18–20]; [ECF No. 13, pp. 17–20.] While the facts forming the basis of each alleged breach are different, the nature of the actions cannot be considered "significantly different" to warrant severance because they require the interpretation of the same agreements and involve the same substantive state law governing contract interpretation.

Similarly, the second *Grayson* factor weighs in favor of not severing the counterclaim because the witnesses and evidence required for Marlboro's claims and Central's counterclaim significantly overlap. Indeed, Marlboro concedes the overlap of witnesses in its Motion. *See* [ECF No. 103-1, p. 6 ("there may be some overlap of witnesses").] Yet, Marlboro claims "any trial will involve completely different evidence." *Id.* However, this simply cannot be the case when both sets of claims relate to a breach of the same agreement—the Wholesale Power Contract. While the evidence may differ with respect to each specific alleged breach, the claims all require interpretation of the same primary document. Thus, this factor weighs in favor of retaining Central's counterclaim.

Moreover, the third and fourth *Grayson* factors weigh heavily against severing Central's counterclaim. At the time Marlboro filed its Motion to Sever, Central's counterclaim had been pending before the court for 15 months. [ECF No. 105, p. 2.] Now, the counterclaim has been pending before the court for almost two years. Furthermore, both parties moved to temporarily stay the case and engaged in the exchange of information attempting to resolve outstanding issues following the court's order granting summary judgment. [ECF Nos. 108, 111.] Retaining Central's counterclaim does not prejudice Marlboro in any significant way as it merely requires continued cooperation towards resolution of the issues. Severance, however, would prejudice Central by

requiring it to engage in duplicative attempts at resolving its counterclaim in state court. Therefore, the court exercises its considerable discretion and declines to sever Central's counterclaim because all four of the *Grayson* factors weigh against severance.[1]

## II. The court retains supplemental jurisdiction over Central's counterclaim.

Next, Marlboro argues the court should refuse to exercise supplemental jurisdiction over Central's counterclaim and remand it to the Court of Common Pleas for Marlboro County. [ECF No. 103-1, p. 6.] The ability to "decline to exercise supplemental jurisdiction in limited circumstances" such as when "the court dismisses the claims over which it has original jurisdiction" remains in the court's discretion. *ESAB Group, Inc. v. Zurich Ins. PLC*, 685 F.3d 376, 394 (4th Cir. 2012) (citing 28 U.S.C. § 1367(c)). Even though the court has granted judgment on all the claims conferring original jurisdiction, it chooses to exercise its supplemental jurisdiction over Central's counterclaim.

"Federal courts are courts of limited jurisdiction and, as such, may only hear and decide cases when given the authority to do so by the United States Constitution and by federal statute." *Bilbro v. Haley*, 229 F. Supp. 3d 397, 404 (D.S.C. 2017) (citing *In re Bulldog Trucking, Inc.*, 147 F.3d 347, 352 (4th Cir. 1998)). District courts most commonly have original jurisdiction pursuant to federal question jurisdiction and diversity jurisdiction. *See* 28 U.S.C. § 1331; 28 U.S.C. § 1332. Congress has also passed other statutes conferring jurisdiction to district courts such as the Federal Officer Removal Statute, 28 U.S.C. § 1442, which serves as the basis for this court's exercise of jurisdiction. [ECF No. 1, p. 2.]

---

[1] Because the court determines severance is not necessary, it does not need to reach Marlboro's argument that the court should dismiss Central's counterclaim for lack of subject matter jurisdiction. Whether the court should exercise its supplemental jurisdiction to adjudicate the counterclaim is a separate issue and will be discussed in the following section.

Because the court has granted judgment in favor of Central on Marlboro's claims conferring original jurisdiction, the court may properly refuse to exercise its supplemental jurisdiction. *See ESAB Group, Inc.* 685 F.3d at 394. But first the court reviews "factors that inform this discretionary determination" such as "convenience and fairness to the parties, the existence of any underlying issues of federal policy, comity, and considerations of judicial economy." *Shanaghan v. Cahill*, 58 F.3d 106, 110 (4th Cir. 1995) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)). Because Central's counterclaims do not implicate the issues of comity and federal policy, they do not play a significant role in the court's determination to retain or decline supplemental jurisdiction. *See Crosby v. City of Gastonia*, 682 F. Supp. 2d 537, 545 (W.D.N.C. 2010).

However, the convenience and fairness to the parties and considerations of judicial economy strongly favor retaining supplemental jurisdiction. This case was removed almost two years ago. Since then, the parties have fully briefed the issue of summary judgment on Marlboro's three claims, the court heard oral argument on the summary judgment motion, and the court entered judgment in favor of Central on those three claims. Now, Marlboro challenges the propriety of exercising supplemental jurisdiction over an allegedly "unrelated" counterclaim for the first time after losing at the summary judgment stage. Remanding Central's counterclaim would result in a waste of this court's resources, the state court's resources, and would be unfair to Central as the parties have already engaged in significant attempts at resolving the counterclaim. Thus, the court retains supplemental jurisdiction over Central's counterclaim and declines to remand it to the Court of Common Pleas of Marlboro County. *See Crosby*, 682 F. Supp. 2d at 545–46 (retaining jurisdiction when the case was removed three years prior to the entry of the order and the issues had all been fully briefed and heard).

**II. The court declines to enter final judgment on Marlboro's claims.**

Finally, Marlboro, in its effort to secure an immediate appeal of the court's order granting summary judgment, asks the court to enter final judgment on Marlboro's claims pursuant to Fed. R. Civ. P. 54(b). Because Marlboro has not carried its burden showing unique circumstances warrant an immediate appeal, the court declines to enter final judgment.

Rule 54(b) provides for an immediate appeal of an otherwise interlocutory order by granting the court the ability to enter "final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). "Rule 54(b) certification is recognized as the exception rather than the norm. It should neither be granted routinely, nor as an accommodation to counsel." *In re TD Bank, N.A. Debit Card Overdraft Fee Litig.*, No. CV 6:15-MN-2613-BHH, 2016 WL 7320864, at *2 (D.S.C. July 18, 2016) (quoting *Braswell Shipyards, Inc. v. Beazer E., Inc.*, 2 F.3d 1331, 1335 (4th Cir. 1993)). "The burden is on the party endeavoring to obtain Rule 54(b) certification to demonstrate that the case warrants certification." *Braswell*, 2 F.3d at 1335 (citing *Allis-Chalmers Corp. v. Philadelphia Electric Co.*, 521 F.2d 360, 364 (3d Cir. 1975)).

To certify under Rule 54(b), the court must follow a two-step process: First, it must determine whether the judgment entered is final. Second, the court must determine there is no just reason for delay in the entry of judgment. *See MCI Constructors, LLC v. City of Greensboro*, 610 F.3d 849, 855 (4th Cir. 2010) (citations omitted). Both parties agree that the court's grant of summary judgment is a "final" judgment, so the court need only determine whether there is no just reason for delay. *See* [ECF No. 105, p. 5 ("While Central agrees the Court has disposed of Marlboro's claims, the second prong of 'no just reason for delay' is not met[.]").] The court considers five factors when considering whether there is no just reason for delay:

> (1) the relationship between the adjudicated and unadjudicated claims; (2) the possibility that the need for review might or might not be mooted by future

> developments in the district court; (3) the possibility that the reviewing court might be obliged to consider the same issue a second time; (4) the presence or absence of a claim or counterclaim which could result in a set-off against the judgment sought to be made final; (5) miscellaneous factors such as delay, economic and solvency considerations, shortening the time of trial, frivolity of competing claims, expense, and the like.

*MCI Constructors, LLC*, 610 F.3d at 855 (citing *Braswell*, 2 F.3d at 1335–36) (footnote omitted).

Marlboro's arguments in favor of certification under Rule 54(b) largely rely on its premise that Central's counterclaim is unrelated to its claims. However, as the court stated above that is simply not the case. While the facts alleged by each party relating to the respective breach of contract claims are different, both claims ultimately require the interpretation of the agreements governing the parties corporate and economic relationships. Considering this significant similarity, the court cannot say an appeal on its order granting summary judgment is immediately warranted. Therefore, the court adheres to the norm and declines to certify its judgment as final. The judgment remains interlocutory, prohibiting an immediate appeal. *See Braswell*, 2 F.3d at 1335.

## CONCLUSION

In accordance with the foregoing reasons, Marlboro's Motion to Sever and Dismiss or Remand or for Entry of Final Judgment, ECF No. 103, is **DENIED**.

**IT IS SO ORDERED.**

/s/ Sherri A. Lydon
United States District Judge

December 7, 2022
Columbia, South Carolina